**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

AXEL A. GARCIA BURGOS,


DEBTOR.

CASE NO. 17-07015 (EAG)


CHAPTER 7

FILED & ENTERED ON 9/26/2018

**OPINION AND ORDER**

Creditor Ormic Corp. filed an involuntary petition under chapter 7 of the Bankruptcy Code against alleged debtor Mr. Axel A. Garcia Burgos.[1]  Ormic also filed an involuntary chapter 7 petition against a related corporate debtor, PRatian LLC. [Case No. 17-07013 EAG7.] Mr. Garcia is PRatian's president and authorized person as per PRATIAN's Certificate of Formation of a Limited Liability Company filed with the Puerto Rico State Department.  [Dkt. No. 17, Exhibit A.]   The certificate of formation shows that PRatian's principal office address is A-12, Villa Jauca, Santa Isabel, Puerto Rico 00757. [Id.] Ormic served the involuntary petition and summons by mail to Mr. Garcia in his personal capacity to PRatian's address reflected in the certificate of formation. [Dkt. Nos. 2 & 3.]

Mr. Garcia moves the court for dismissal of the involuntary petition for defective service of process, among other grounds. [Dkt. No. 14.] He argues that service of process, in his

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section"and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

personal capacity, was insufficient because he currently resides in Cambridge, Massachusetts and that the Santa Isabel address is his parents' residence and the physical address of PRatian. [Id.] By way of a motion for summary judgment, ORMIC opposes dismissal. [Dkt. No. 17.] ORMIC contends that Mr. Garcia was properly served at the Santa Isabel address because Mr. Garcia represented in PRatian's certificate of formation that he is its president and authorized person. [Id.]

The court ordered Mr. Garcia to address whether he regularly conducts a business or a profession at the place where a copy of the summons and involuntary petition was mailed to him. [Dkt. No. 24.] Mr. Garcia responded that he is an officer of PRatian, but does not regularly conduct business at PRatian's address; that the petitioner has always known that he regularly conducts PRatian's business from Massachusetts because he is a doctorate student at the Massachusetts Institute of Technology, where he also works as a teaching assistant. [Dkt. No. 33.] Mr. Garcia submitted with his reply a copy of his driver's license and his certificate of enrollment at MIT. [Dkt. No. 34.] In Ormic's response to Mr. Garcia's it argued that it neither had Mr. Garcia's address in Massachusetts nor had Mr. Garcia provided it to Ormic, and that it was well known that Mr. Garcia frequently traveled to Puerto Rico to conduct negotiations on behalf of PRatian. [Dkt. No. 39.]

For the reasons stated below, the court denies Mr. Garcia's motion to dismiss on grounds of insufficiency of service.

"Proper service of process is required for the Court to obtain jurisdiction over a person." Vargas v. Potter, 792 F. Supp. 2d 214, 216 (D.P.R. 2011). Bankruptcy Rule 1010 requires that on the filing of an involuntary petition, the clerk shall issue a summons, which

shall be served along with the petition on the debtor in the manner provided by Bankruptcy Rule 7004(a) or (b). Fed. R. Bankr. P. 1010(a). And, Rule 7004(b)(1) allows for service through first class mail upon an individual other than an infant or incompetent "by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." Fed. R. Bankr. P. 7004(b)(1).

In this case, it is undisputed that service of process was mailed to the Santa Isabel address, which is the address for PRatian appearing in its certificate of formation, which is in turn registered in the Puerto Rico State Department. It is also undisputed that Mr. Garcia is registered in the State Department as an authorized person and as president of PRatian. The court need only determine whether the Santa Isabel address qualifies as a place where Mr. Garcia regularly conducts a business or a profession for purposes of Bankruptcy Rule 7004(b)(1).

Courts have found, for purposes of service of process, that individuals regularly conduct a business at the address of a corporation when they appear as agents of that corporation in the state department records. For example, in Garcia v. Cantu, 363 B.R. 503 (Bankr. W.D. Texas 2006), the bankruptcy court held that service of process in an involuntary bankruptcy proceeding was sufficient where the involuntary debtor was served at the address reflected in the records of the State Department of Texas for a business entity for which he was listed as president, secretary, and registered agent. The Garcia court explained that service by mail to the address listed in the records of the Secretary of State is not conclusive, but is "sufficient to make out a *prima facie* case that the target of service 'conducts a business' at that address

for purposes of satisfying Rule 7004(b)(1)" and that "the party contesting service must then come forward with evidence to show that he does *not* in fact conduct a business at that address." Id. at 515.

Also, in In re Martin-Trigona, 763 F. 2d 503 (2d Cir. 1985), the Court of Appeals for the Second Circuit found valid service to a pair of husband and wife debtors mailed to address of a corporation for which they were registered as president and secretary, respectively, at the Connecticut Secretary of State. The court added that the debtors' "failure either to collect corporate mail sent to the address or to change the address for service of process with the Secretary of State constitutes a willful disregard of legal process and a willful default." Id. at 505-506.

The Bankruptcy Appellate Panel for the Ninth Circuit came to the same conclusion in In re Marciano, 459 B.R. 27 (BAP 9th Cir 2011), when it affirmed the bankruptcy court's decision that it had personal jurisdiction to adjudicate an involuntary petition filed against a debtor who was found to be conducting business at the address of four entities for which he was listed as agent in the State Department of California. The Bankruptcy Appellate Panel reasoned that the bankruptcy court was allowed to draw an adverse inference against the alleged debtor because he never provided evidence that he did not in fact conduct business there.

While Mr. Garcia provided evidence to show that he currently resides in Massachusetts, he did not come forward with any evidence to rebut the prima facie presumption that he conducts business at the address of PRatian in Santa Isabel. As such, this court finds that it has personal jurisdiction over Mr. Garcia under Bankruptcy Rules 1010 and 7004(b) because he

was properly served at the address of PRatian registered in the Puerto Rico State Department, where he is listed as its president and authorized person.

Thus, Mr. Garcia's motion to dismiss [at Dkt. No. 14] is denied as to insufficiency of service.

Mr. Garcia also moves the court for dismissal alleging that this petition was filed in bad faith, that ORMIC lacks standing to file it since the claim is subject to a bona fide dispute as to liability under section 303(b), and that the court should abstain from this case under section 305(a)(1) because this is a two-party dispute. [Dkt. No. 14.] And, ORMIC opposes dismissal in its motion for summary judgment arguing that there is no bona fide dispute as to the claim because Mr. Garcia, doing business as PRatian, has acknowledged that the debt is owed, that the filing of this petition was warranted, and that the debtor's request for abstention is premature and devoid of evidence. [Dkt. No. 17.]

These grounds raised in Mr. Garcia's motion to dismiss and opposed by Ormic in its motion for summary judgment are denied without prejudice because they are not suited for summary judgment and require an evidentiary hearing. There are material facts in dispute in which the intent of the parties is at issue that entail the weighing of evidence as to the debtor's liability, the contractual relationship between the parties, and the nature of the conveyance of the money. And, matters of intent are not appropriate for summary judgment. See Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)). They are even less appropriate for resolution by a motion to dismiss.

A separate order is to be entered setting an initial scheduling conference prior to the

evidentiary hearing on the involuntary petition filed against Mr. Garcia.

In Ponce, Puerto Rico, this 26th day of September 2018.

Edward A. Godoy
U.S. Bankruptcy Judge